ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| DEXTER PALMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 604-075 |
| | ) |
| HUGH SMITH, Warden, et al., | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

The above-captioned case was commenced pursuant to 42 U.S.C. § 1983. On March 9, 2005, the Court ordered Plaintiff to submit an amended complaint. This amended complaint is now before the Court. As Plaintiff's amended complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

### I. DISCUSSION

As Plaintiff's amended complaint sets forth essentially the same allegations as Plaintiff's original complaint, which the Court recounted upon its initial screening, the Court will not recite those contentions herein. See doc. no. 14. The Court has directed service of

the amended complaint, where appropriate, in a separate Order. That having been said, Plaintiff's amended complaint names three (3) defendants that are subject to dismissal. In particular, 1) Plaintiff has attempted to add Defendant Warden Smith, a previously dismissed party, back into this litigation; 2) Plaintiff has not shown cause why Defendant McGinnis should not be dismissed for failure to effect service; and 3) Plaintiff has attempted to add another Defendant, Stephen B. Reese ("Reese"), without alleging any viable claims against him.

A. **Defendant Warden Smith**

Defendant Warden Smith was initially dismissed because Plaintiff had attempted to sue him based either on a theory of *respondeat superior* or for mishandling prisoner grievances. See doc. no. 12, *adopted by* doc. no. 19. The amended complaint is no different. See doc. no. 51, pp. 5, 14-15. As Plaintiff alleges no additional facts which could give rise to a constitutional claim against Defendant Warden Smith, he has provided nothing to change the Court's analysis with regard to this Defendant. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Defendant Warden Smith not be added back into this case.[1]

B. **Defendant McGinnis**

As outlined in the Court's March 9, 2005, Order, Plaintiff failed to provide sufficient information for the United States Marshal to effect timely service upon Defendant McGinnis. See doc. no. 48. Plaintiff has not shown cause why this Defendant should not be dismissed,

---

[1] In contrast, Plaintiff added new allegations against previously dismissed Defendant Dupree which suggest that Dupree expressed indifference to Plaintiff's safety. See doc. no. 51, p. 14. In a separate Order, the Court has directed that service of process be effected upon Defendant Dupree.

2

other than to vaguely suggest that "justice will not be served" if Defendant McGinnis is dismissed. Doc. no. 49, p. 1. Of course, Plaintiff does suggest that he misspelled this Defendant's name, and that now that he has the correct spelling, he can effect service of process. Id. at 1-2. However, Plaintiff had 120 days in which to provide the Marshal with the correct information, and he utterly fails to explain his dilatoriness. Fed. R. Civ. P. 4(m). In sum, the time in which to effect service has long since passed, and Plaintiff has shown no cause why Defendant McGinnis should not be dismissed. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Defendant McGinnis be **DISMISSED** without prejudice.

### C. Defendant Reese

Finally, Plaintiff lists a completely new defendant in his amended complaint. Plaintiff makes few allegations with regard to Defendant Reese except to refer to him as a "decision maker." Doc. no. 51, p. 19. Plaintiff avers, in confusing and conclusory fashion, that Defendant Reese would not give his approval for Plaintiff to visit a doctor outside the prison. Id. Plaintiff utterly fails to demonstrate how this decision, if it occurred, violated his constitutional rights. At best, Plaintiff avers that he and Defendant Reese have a difference of opinion regarding Plaintiff's need to see an "outside" doctor. Such does not amount to a cognizable claim. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991)(explaining that a mere difference in opinion between prison medical officials and the inmate as to the latter's diagnosis or course of treatment does not support an Eighth Amendment claim); Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989)(same). In sum, the Court **REPORTS** and **RECOMMENDS** that Defendant Reese be **DISMISSED**.

3

## II. CONCLUSION

For the foregoing reasons, **REPORTS** and **RECOMMENDS** that Defendant Warden Smith not be added back into this case. The Court also **REPORTS** and **RECOMMENDS** that Defendant McGinnis be **DISMISSED** without prejudice for Plaintiff's failure to effect service of process. Finally, the Court **REPORTS** and **RECOMMENDS** that Defendant Reese be **DISMISSED** for Plaintiff's failure to state a claim against him.

SO REPORTED and RECOMMENDED this 26th day of May, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

PALMER )

vs ) CASE NUMBER **CV604-075**

SMITH ) DIVISION **STATESBORO**

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated **05/26/05**, which is part of the official record of this case.

Date of Mailing: **05/26/05**

Date of Certificate ☒ same date, or _____

Scott L. Poff, Clerk

By: _/s/ J. Howell_

Joe Howell, Deputy Clerk

**Name and Address**

D. PALMER SERVED @ PRISON ADDRESS
R.D. COLLUM

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate