UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DEXTER PALMER

    Plaintiff,

v.               604CV075

TRACE SIMMONS, *et al.*,

    Defendants.

## ORDER

### I. BACKGROUND

Following a jury verdict against inmate-plaintiff Dexter Palmer in this excessive-force, 42 U.S.C. § 1983 case, doc. ## 135, 137, the defendant prison officials filed a $1,560.56 motion for costs, and in it sought $1,257.17 to cover their cost of transporting the inmate witnesses that Palmer called to testify in his case. Doc. # 138. This Court denied Palmer's subsequent "Motion to Annul Defendants['] Motion for Costs." Doc. ## 148, 149.

Palmer now F.R.Civ.P. 59(e)-moves the Court to reconsider, pointing to institutionalized fraud and racism (the Court rejects these reasons) and also 28 U.S.C. § 1821(f)[1] to challenge defendants' $1,257.17 inmate-transport charge. Doc. # 150. Section 1821(f), he contends, deals with what litigants must pay witnesses, and inmate-witness-transport costs are not included.[2]

---

[1] Section 1821(f) is part of 28 U.S.C. § 1821, which governs what a litigant must pay (per diem and mileage) to witnesses he calls for trial, typically by subpoena. Section 1821(f) generally excuses payment to "[a]ny witness who is incarcerated at the time that his or her testimony is given...." *Id.*

[2] Palmer says the defendants are charging him $1290 for this, doc. # 150 at 2, but the defendants' costs motion says $1,257.17. Doc. # 138 at 1 ("The cost of producing Doc. # 150 at 2. Given Palmer's *pro se* status, the Court construes his arguments as an F.R.Civ.P. 54-based challenge. *See U.S. v. Reed,* 2007 WL 276619 at * 2 n. 1 (11th Cir. 2/1/07) (unpublished) (*pro se* pleadings standard).

### II. ANALYSIS

Under Rule 54, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Rule 54(d)(1). However,

> a district court may not tax costs under Rule 54(d) unless a federal statute authorizes an award of those costs. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-43, 107 S.Ct 2494, 96 L.Ed.2d 385 (1987) (holding that expert witness fees in excess of the statutory allowance are not recoverable under Rule 54(d)); *Cefalu v. Vill. of Elk Grove,* 211 F.3d 416, 427 (7th Cir.2000) ("To be compensable ... a particular expense must fall into one of the categories of costs statutorily authorized for reimbursement.").

*Republic Tobacco Co. v. North Atlantic Trading Co., Inc.,* ___ F.3d ___, 2007 WL 528038 at * 3 (7th Cir. 2/22/07); *Mathews v. Crosby* ___ F.3d ___, 2007 WL 778796 at * 8 (11th Cir. 3/16/07). 28 U.S.C. § 1920 lists the costs taxable under Rule 54(d), and it does not mention inmate-transport costs:

---

Plaintiff's incarcerated witnesses was $1,257.17").

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; *see also Mathews*, 2007 WL 778796 at * 8. With § 1920, Congress authorized what kinds of costs could be recovered under Rule 54(d), and witness costs referenced under § 1920(3) are, in turn, governed by 18 U.S.C. § 1821 ("Per diem and mileage generally; subsistence").

The instant defendants cite no authority to support an award of inmate-witness transport costs. Sections 1920 and 1821, meanwhile, are construed strictly. *Zdunek v. Wash. Metro. Area Transit Auth.*, 100 F.R.D. 689, 693 (D.D.C. 1983) ("Statutory witness fee provisions are exclusive and must be strictly construed); *see also L & W Supply Corp. v. Acuity*, 475 F.3d 737, 741 (6th Cir. 2007) ("we hold that expert witness fees may not be taxed as costs at a court's discretion under Rule 54(d) because § 1920 does not provide for them"); *Miledy Strait v. Busch Entertainment Corp.*, 2007 WL 496606 at * 2 (M.D.Fla. 2/12/07) (unpublished) (excluding witness fees for witnesses who did not testify at trial, and for medical records custodians whose records were never introduced into evidence).

For that matter, the Supreme Court reaffirmed such strict construction in *Arlington Cent. School Dist. Bd. of Educ. v. Murphy*, 126 S.Ct. 2455, 2461-62 (2006), and this Court's own research has turned up only cases adverse to the defendants. *See Bogan v. Honeycutt*, 884 F.2d 1392 (Table), 1989 WL 107735 at * 1 (text) (6th Cir. 1989) ("we conclude the district court properly denied the State costs for transporting [inmate-plaintiff] Bogan to trial. Expenses incurred in transporting a prisoner-litigant to his civil trial may not be taxed as costs against the prisoner-litigant. *See Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir.1989)"); 33A FED.PROC.L.ED. § 80:402 (June 2006) ("The district court is not authorized to tax as costs against a prisoner-litigant the expense of transporting that person from prison to court, in compliance with a writ of habeas corpus ad testificandum issued pursuant to 28 U.S.C.A. § 2241(c)(5)").

The *Sales* case, incidentally, did say that inmate-litigants who are able to pay in fact should pay for witness costs, but only those costs authorized by § 1821 -- thus, statutory fees and subsistence to *witnesses*, but not to third parties like a state prison system. *Sales*, 873 F.2d at 119-20. Still, a prison system does absorb a lot of expense in these cases, which obviously implicates a cost-shifting policy choice. *Sales* and cases like it, however, have noted that Congress resolved the issue by *not* including witness transport costs, borne by government departments, under Rule 54.

2

That rule operates in light of the fact that Congress authorized federal courts to issue a writ of habeas corpus *ad testificandum* to secure the appearance of state or federal prisoners as witnesses in federal court. 28 U.S.C. § 2241(c)(5); *U.S. v. Cruz-Jiminez*, 977 F.2d 95, 99 (3d Cir. 1992). Courts issue those writs to the *custodian* of a potential witness, and not to the witness himself. *U.S. v. Rinchack*, 820 F.2d 1557, 1567 n. 13 (11th Cir. 1987). This Court did that here. *See* doc. ## 117-24.

While prison systems therefore must absorb the expense of compliance, *Sales*, 873 F.2d at 119-20; Mushlin, 2 RIGHTS OF PRISONERS § 11:14 at 587 (2006) (collecting cases), courts should exercise their discretion by culling names from the inmate's requested witness list based on relevancy, cumulativeness, (etc.) grounds. *Cruz-Jiminez*, 977 F.2d at 100.

In that respect, due process protections apply, but they are not boundless. *See, e.g.*, *People in Interest of C.G.*, 885 P.2d 355, 357 (Colo.Ct. App. 1994) (incarcerated father's right to due process was not violated by denial of transportation at state's expense from prison to parental termination hearing, where father was represented by counsel prior to and during hearing and was given opportunity to present testimony by deposition or affidavit); Ann., 65 A.L.R. Fed. 321 § 8 (*Expense and danger of bringing witness before court*).

All of these concepts are bottled up in *Ballard v Spradley*, 557 F.2d 476 (5th Cir. 1977), which is binding on this Court.[3] *Ballard* affirmed a district court's order requiring the U.S. Marshal to transport state prisoners to the district court so that they might testify in pending civil rights actions; the district court had determined that the prisoners' presence was necessary to conduct nonjury trials on their complaints. *Id.* at 480-81.

*Ballard* emphasized that the probability of success on the merits, or a presumption that a correctional institution has acted correctly, were inappropriate factors for judicial consideration. Those factors focused on the ultimate result of the action; the appropriate balancing instead should be limited to the need for the prisoner's testimony versus the difficulties of securing it. *Id.* at 481.

In deciding the "need" factor (and thus, whether to issue a § 2241(c)(5) writ of habeas corpus *ad testificandum*) a court should exercise its discretion based upon these non-exclusive factors: the likelihood that the prisoner's presence would substantially further the resolution of the case; the security risks presented by the prisoner's presence; the expense of the prisoner's transportation and safekeeping; and the potential for the action to be stayed until the prisoner is released without prejudice to the cause asserted. *Id.* at 480.[4]

---

[3] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) (held, as binding precedent, all decisions of the former Fifth Circuit handed down prior to 10/1/81).

[4] Courts have formulated criteria, *e.g.*:

> [T]he party requesting a writ of habeas corpus *ad testificandum* must set forth in a sworn affidavit (1) what the inmate-witness will testify to; (2) how the plaintiff knows that the inmate-witness will testify as such; and (3) why the testimony is necessary. The State can oppose the writ with an affidavit showing that the inmate-witness would not provide such testimony, that such testimony is unnecessary or that the movement of the prisoner would create actual and substantive security risks.

In reviewing those factors, the *Ballard* panel rejected the Marshal's argument that the district judge improperly allocated the responsibility of transferring the prisoners from the state prisons to the district court. 557 F.2d at 481 (the State had to bring them to a local county jail; the marshal had to transport them from there to federal court).[5] Once the district court determined that the prisoners' presence was essential, the mere *possibility* that a lack of transportation funds or personnel would develop was simply no justification for refusing to issue the writ. *Id.*; *see also* 91 C.J.S. *United States Marshals* § 16 ("Transporting and holding prisoners") (Feb. 2007).

To summarize, governments, not inmates, must bear inmate-transport costs. However, courts have discretion to limit this burden by, within due process limits, trimming inmate-witness lists to avoid wasteful duplication, etc.

### III. CONCLUSION

The Court therefore **GRANTS** in part and **DENIES** in part plaintiff Dexter Palmer's reconsideration motion. Doc. # 150. The Court thus **MODIFIES** its 3/14/07 Order (doc. # 149) to allow all but the $1,257.17 in inmate-transport costs to be taxed against Palmer. Palmer also has moved for a free trial transcript Doc. # 151. That is **DENIED** in light of the Court's 3/12/07 Order (doc. # 146). Finally, plaintiff also seeks sanctions against defense counsel. Doc. # 152. That is **DENIED** as frivolous.

This ___ day of April, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

*Gordon v. Woodring*, 2005 WL 464636 at * 2 (N.D.Cal. 2/28/05) (unpublished) (cite omitted).

[5] District judges may vary this. *See Ford v. Allen*, 728 F.2d 1369, 1370 (11th Cir. 1984) (district court has statutory authority to impose sole habeas corpus *ad testificandum* responsibility for producing state prison inmate in federal district court upon United States, rather than allocating responsibility between state penal authority and United States), *cited in* M.K. Dietrich, *Transportation of State Prisoners to Their Federal Civil Rights Actions*, 53 FORDHAM L. REV. 1211, 1230 (1985).